Reese, J.
delivered the opinion of the court.
E. Thomason was sheriff of Grainger county, for the years 1840 and 1841. In March 1842,- he received the highest number of votes at the popular election for that office, and was reelected. The justices of Grainger county at the ensuing April session, refused to induct him into the office upon two grounds. First, because he refused on their demand thereof, to produce vouchers to show that he had accounted for and paid all State and county taxes, that before that time he was bound by law to account for and pay. And secondly, that they considered and adjudged that the sureties by him tendered for his bonds as sheriff and collector were insufficient, the said sureties having refused to justify. These grounds are stated in their return to a mandamus nisi. And the question here is, are theserea-sons sufficient. The act of 1805, ch. 41,1 Scott 1809, provides that it shall not be lawful for the justices of any county court in this. State to re-elect any person as a sheriff, unless such sheriff shall produce sufficient vouchers, that he hath accounted for and paid all State and county taxes, that before the time of such election he may have been bound by law to account for and pay, any law heretofore to the contrary notwithstanding. At the time this law was enacted, the county court not only appointed the sheriff but inducted him into office. If before the reformed constitution a sheriff had received the formal re-ap *236 pointment or re-election without the vouchers in question having been produced or demanded, would it have been the duty of the county court to have inducted him into office? Is not the sense and meaning of the act and the duty to be performed, addressed to the tribunal taking the bond and qualifying the officer rather than to them in their character of voters? But even if addressed to them-in the latter character, is it not still their duty when the officer applies to be inducted, to see that the law has been complied with? Has the act of 1805, so consistent with public policy, and so necessary, been repealed by implication upon a change of the appointing power? Is it now lawful to elect and induct into office a sheriff who is in default? Is the county court still the tribunal to take bond, qualify and induct the sheriff' into office, to overlook the act of 1805? If the reformed constitution had made the governor or a circuit court judge, or other functionary the appointing power as to the sheriff, would the act of 1805 then been regarded as repealed? We are strongly incline to think that it is to be regarded as in force and as directory not to the mass of the community only voting for, but also to the county court inducting the sheriff into office.
But be this as it may, we are satisfied upon the other ground that no peremptory mandamus ought to go. The whole discretion and duty of judging of the sufficiency of the sureties and taking the bond of a sheriff is devolved by law upon the county court. They return that no sufficient sureties were offered, and that those who were offered refused to justify. And this is decisive of the case. It is argued for the sheriff that the supposed error in the county court made it unnecessary for him to have offered good and sufficient surety, for if offered it would not have been received. But the argument is not sound. The sheriff seeking to be inducted should have done and offered every thing to be done or offered on his part. Pie should have made his title to admission into the office complete. A mandamus goes not upon an incomplete inchoate title, but on one fully made out. The error of the justices if it were such, did not exempt him from offering sureties. He did in fact offer sureties; they were adjudged insufficient and he offered no *237 more. A mandamus cannot therefore in this ease go, and We affirm the judgment of the circuit court.